IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**DONESSA L. HORSEWOOD,**

    Plaintiff,

v.

**LSI TITLE COMPANY OF OREGON, LLC, et al.,**

    Defendants.

No. 3:11-cv-00335-MO

OPINION AND ORDER

**MOSMAN, J.,**

    Pro se plaintiff Donessa Horsewood sued New Century Mortgage Corporation ("New Century"), LSI Title Company of Oregon, LLC ("LSI"), Carrington Mortgage Services, LLC ("Carrington"), Mortgage Electronic Registration Systems, Inc. ("MERS"), ten unidentified "Does," and Wells Fargo Bank, N.A., as trustee for Carrington Mortgage Loan Trust, Series 2006-NC5 Asset-Backed Pass-Through Certificates ("Wells Fargo"). She seeks a declaration that a non-judicial foreclosure proceeding was unlawful, as well as damages under the Fair Debt Collection Practices Act ("FDCPA"). LSI, Carrington, MERS, and Wells Fargo moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [16], and I now grant their motion.

## DISCUSSION

    On September 22, 2006, Ms. Horsewood received a loan from New Century, secured by a deed of trust ("DOT") on a piece of property, and executed a promissory note ("Note") in favor of

1 – OPINION AND ORDER

New Century.[1] The DOT identified New Century as "Lender." It identified MERS as "nominee for Lender and Lender's successors and assigns" and "the beneficiary under this Security Instrument." In 2010, MERS assigned the beneficiary interest under the DOT to Wells Fargo, and that assignment was recorded. Wells Fargo then appointed LSI as successor trustee under the DOT, which was also recorded. After these recordings occurred, and after plaintiff had defaulted on the loan, LSI initiated non-judicial foreclosure and the property was sold. Construed liberally, plaintiff's complaint and response to the motion to dismiss raise several theories as to why this process was unlawful, but all fail as a matter of law.

First, she alleges Wells Fargo could not have obtained the beneficiary interest in the DOT because MERS was not a valid beneficiary and New Century was in fact the beneficiary under the DOT. The purported 2010 assignment of the DOT from MERS to Wells Fargo is particularly worrisome, plaintiff argues, because Wells Fargo asserted an interest in this loan in 2009, during Ms. Horsewood's ex-husband's bankruptcy proceeding. This argument fails because MERS is a valid beneficiary under Oregon law and could assign its interest in the DOT to Wells Fargo. *See Beyer v. Bank of Am.*, 10-cv-523-MO, 2011 WL 3359938, at *5 (D. Or. Aug. 2, 2011). Moreover, any pre-2010 assignment of New Century's interest as Lender under the DOT did not need to be recorded before the foreclosure, since MERS remained the beneficiary. Thus, the fact that Wells Fargo asserted an interest in the loan in 2009 does not suggest any violation of Oregon law.

Second, plaintiff alleges defendants failed to present the Note and document transfers of the Note. "[T]he Oregon Trust Deed Act, O.R.S. § 86.705 *et seq.*, does not require presentment of the promissory Note or any other proof of 'real party in interest' or 'standing,' other than the

---

[1] This factual summary is based on the allegations in Ms. Horsewood's amended complaint, the exhibits she attached to the complaint, and documents referenced in the complaint, which defendants submitted with their request for judicial notice [18]. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Deed of Trust." *Beyer*, 2011 WL 3359938, at *1 (quotation omitted). Nor does it prohibit the separation of the Note from the DOT. *Id.* Accordingly, this theory fails.

Third, plaintiff's complaint seems to allege that MERS initiated the non-judicial foreclosure and appointed LSI as successor trustee, and that MERS lacked authority to do so. Even assuming MERS would lack this authority, plaintiff's allegation is flatly contradicted by exhibits attached to and referenced in Ms. Horsewood's complaint, and this theory therefore fails. Indeed, it appears from the briefing that she now agrees that Wells Fargo, not MERS, appointed LSI, and that Wells Fargo and LSI, not MERS, initiated foreclosure. Fourth, plaintiff raises an FDCPA claim, but it is apparently based on the assertion that defendants lacked the authority to foreclose for the reasons discussed above. This claim therefore fails as well.

## CONCLUSION

I GRANT the motion to dismiss [16], and dismiss all claims against the moving defendants. Additionally, plaintiff's complaint neither seeks independent relief from the defendants that have not appeared nor states an independent claim against them. I therefore dismiss the non-moving defendants from this suit *sua sponte*. Plaintiff already amended her complaint once and has failed to articulate any possible claims in her briefing that warrant further amendment. Dismissal is therefore with prejudice.

IT IS SO ORDERED.

DATED this 29 day of December, 2011.

MICHAEL W. MOSMAN
United States District Court

3 – OPINION AND ORDER